UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DENISE YOUNG,
    Plaintiff,

vs.

MEGAN BRENNAN, as
Postmaster General of the United
States, United States Postal Service,
    Defendant.
_____/

**COMPLAINT**

Plaintiff, Denise Young, through her undersigned counsel, hereby files this Complaint, against the Defendant, Megan Brennan, as Postmaster General of the United States, United States Postal Service; and in support hereof, Plaintiff states as follows:

## I.
## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, and the jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000 (e), *et seq.*, against discrimination, based upon race, color and gender.

2. Plaintiff also brings this case under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), which forbids employers from retaliating, or from taking an adverse personnel action against employees, who

1

exercise their lawful and protected rights under Title VII, through engaging in protected activity, or through the filing of internal complaints of employment discrimination.

3. On or about January 11, 2018, Plaintiff filed a formal complaint of employment discrimination, or an Equal Employment Opportunity ("EEO") Complaint, with the United States Postal Service, alleging claims of race, color, and gender discrimination, as well as retaliation.

4. Although the Plaintiff began her participation in the EEO administrative process, she subsequently requested that the Equal Employment Opportunity Commission ("EEOC," or the Commission), cease processing her administrative complaint, and in accordance with that request, on February 11, 2020, the Commission entered an order, allowing the Plaintiff to pursue her remedies in federal district court. [A copy of the Commission's Order of Dismissal is attached hereto, as **EXHIBIT A**].

5. Plaintiff has complied with all pertinent administrative prerequisites, which are necessary to file a formal lawsuit, in federal district court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), in that she had filed an appropriate charge of discrimination, within the applicable time frames; and hence, she has exhausted all pertinent administrative procedures; and she has performed all conditions precedent to filing suit in federal district court.

6. Therefore, Plaintiff is now authorized to file this action in federal district court against the Defendant.

# II.
# PARTIES

7. At all material times herein, Plaintiff, Denise Young ("YOUNG"), was a resident of Greenacres, Palm Beach County, Florida; and she was employed by the Defendant as the Manager of Post Office Operations 1, Level 23, at the Main Broward County Postal Facility, located at 1900 W. Oakland Park Blvd., Ft. Lauderdale, Florida.

8. Defendant, Megan Brennan, is the Agency Head of the United States Postal Service, and she is responsible for administering the personnel and human resources policies of the Agency, as well as monitoring legal compliance policies; as well as the actions of managers, supervisors and employees, employed by the Agency, the United States Postal Service.

9. Defendant, Megan Brennan, is the Agency Head of the United States Postal Service, and the Agency is an, "employer," within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, which is subject to the prohibitions and protections of the statute.

# III.
# FACTS

10. Plaintiff, Denise Young ("YOUNG"), is an African-American female, and she was formerly employed as a Manager, Post Office Operations 1, Level 23, at the Main Postal Facility, located at 1900 W. Oakland Park Blvd., Ft. Lauderdale, Florida.

11. On December 13, 2017, Plaintiff was interviewed, in order to provide an EEO Declaration in the case of her former District Manager, Jeffrey Taylor; and the Declaration pertained to the conduct of Acting District Manager Stephen Hardin; specifically, Plaintiff testified that she was mistreated and abused as a minority employee, on District Telecom calls, in the presence of similarly situated colleagues and other employees.

12. The Postal Human Resources Director for the Southern Area, Jann Miller, as well as District Managers, coordinated the taking of the Plaintiff's EEO Declaration in the Jeffrey Taylor case.

13. On or about Monday, October 23, 2017, during a personnel Telecom Call, Acting District Manager Hardin belittled and berated the Plaintiff, in the presence of Human Resources Director Jann Miller and Labor Relations Manager Tom Noone, based upon disparate treatment, in that no similarly situated employee, outside of the Plaintiff's protected class, was treated in this matter, specifically, Mr. Hardin would ask for responses from the Plaintiff before she could complete a sentence; the treatment was so abusive, that Human Resources Director Jann Miller subsequently confronted the Plaintiff, to ask if she was "okay."

14. Mr. Hardin made a clearly discriminatory statement during the Telecom Call, with regard to the Opa Locka/Carol City Post Office, which is located in a predominantly black neighborhood; specifically, Mr. Hardin disparaged the appearance of that facility, and questioned why any customer would want to voluntarily go there, he then stated that, in his

estimation, customers would prefer to travel to a Postal Facility, in a Hispanic neighborhood, such as Miami Gardens.

15. These racially biased remarks were very damaging and disturbing to the Plaintiff, and the comments caused her to turn inward and not openly offer and discuss her professional opinions in the workplace.

16. In addition to Human Resources Director Jann Miller and Labor Relations Manager Tom Noone, numerous other Postal Service Managers were present on the Telecom Call, and the conduct of Acting District Director Hardin was so abusive, that the Plaintiff was compelled to seek the help and counsel of the Employee Assistance Program.

17. Plaintiff was the only African-American female direct report, that was being treated in such a condescending and unprofessional manner, by higher level managers.

18. Plaintiff has identified numerous applicable comparator employees, such as Enrique Suarez, who had committed multiple job deficiencies and job failures; and yet, his failures and shortcomings were found to be justifiable; he was never singled out or addressed unprofessionally by management.

19. In addition, other comparators, such as David Guiney and Brian Frazier, had committed multiple job deficiencies and job failures; and yet, their failures and shortcomings were found to be justifiable; they were never singled out or addressed unprofessionally by management.

20. Following the providing of her EEO Declaration in the Jeffrey Taylor case, and the holding of the Telecom Call, Mr. Hardin returned to his position as District Manager in Louisiana,

his replacement in the South Florida District, Tim Costello, became increasingly hostile toward the Plaintiff.

21. In addition, immediately following the completion of the October 23, 2017 Telecom Call, the Plaintiff was issued a Letter of Warning ("LOW"), which was delivered to her on November 16, 2017.

22. Mr. Hardin was responsible for the issuance of the LOW to the Plaintiff, apparently with the concurrence of Human Resources Director Jann Miller and Labor Relations Manager Tom Noone, purportedly pertaining to the fact that a supervisor at the Key West Postal Facility was working in excess of approximately 20 hours; however, the Plaintiff was never provided an investigative interview; and when she brought the topic up during the Telecom Call, Mr. Hardin refused to address this issue.

23. Again, as a matter of disparate treatment, no other manager in the Plaintiff's position, outside her protected class, as an African-American female, was subjected to discipline, merely because a supervisory subordinate, worked for an additional twenty hours; furthermore, no other similarly situated employee, outside of Plaintiff's protected class was subjected to such ridicule, as was exhibited toward the Plaintiff during the October 23, 2017 Telecom Call.

24. Plaintiff attempted to contact the Postmaster General and Human Resources Director Jann Miller about the harassing abusive treatment, especially, with respect to the October 23, 2017 Telecom Call, but there was no response.

25. On or about December 13, 2017, Plaintiff participated in fact finding for another EEO case, she was listed as a witness, in an additional case, which also pertained to mistreatment and disparaging statements which had been made by Acting District Manager, Stephen Hardin.

26. This subsequent investigation triggered memories of Mr. Hardin's prior abusive and belittling conduct, toward the Plaintiff, by Acting District Manager Hardin.

27. Moreover, following the Plaintiff's participation in the fact-finding conference for the subsequent EEO case on December 13, 2017, Plaintiff had the reasonable perception that Acting District Manager Tim Costello was "fishing" for a reason to institute a further corrective action against her.

28. In fact, just two days later, on December 15, 2017, Acting District Manager Tim Costello prohibited the Plaintiff from parking her Postal Service issued vehicle at the West Palm Beach Postal facility, PD&C; and she was directed to leave her Postal Service issued vehicle, at the Ft. Lauderdale Postal Service facility, resulting in the Plaintiff being stranded in Ft. Lauderdale, with no means to return to her residence in Palm Beach County.

29. The December 15, 2017 directive by Acting District Manager Tim Costello caused the Plaintiff to be extremely distraught, leaving her with no reasonable means to return to her residence, which was located approximately forty four miles, from the Main Postal Facility, located on Oakland Park Boulevard in Ft. Lauderdale, Florida.

30. Again, as a function of disparate treatment, Plaintiff, as an African-American female, was the only manager, who was subjected to this form of punitive treatment by Acting District Manager Tim Costello; and prior to the Plaintiff's Declaration/EEO Testimony on

7

December 13, 2017, the use of her Postal Service issued vehicle had never been an issue for management.

31. Moreover, on or about December 20, 2017, Acting District Manager Tim Costello conducted an investigative interview of the Plaintiff, regarding disciplinary action taken against Angelina Chavis; and the parking and use of the Plaintiff's Postal Service issued vehicle.

32. Again, as a function of disparate treatment, Plaintiff, as an African-American female, was the only manager, who was subjected to this form of punitive treatment by Acting District Manager Timothy Costello; and Plaintiff had the reasonable perception that Mr. Costello was constantly "fishing," to take some form of corrective action against her.

33. The conduct of the Acting District Managers, specifically, being subjected to a LOW, which although it was rescinded, undermined her status as a managerial employee; the constant and repeated actions of the Acting District Managers, such as berating her based upon race during Telecom Office Calls, ignoring her recommendations to hire supervisory personnel; stripping her of authority over MPOO1 installations, removing and or limiting her use of Postal Service issued vehicles, all of these acts effectively diminished Plaintiff's status as a manager and her position, and severely undermined her position and status within the organization.

34. These constant, repeated and orchestrated acts, by Acting District Managers Hardin and Costello, made it virtually impossible for the Plaintiff to function as a managerial employee, for the Defendant; and her status as an employee/manager became untenable

and virtually unsustainable, precluding her from acting as an effective Manager for the organization.

## COUNT I
## (VIOLATION OF TITLE VII, RACE DISCRIMINATION)

35. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—34 of the Complaint, as if fully set forth herein.

36. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations or race based reasons.

37. The Plaintiff is an African American female and she possessed the requisite qualifications, education, abilities and skills to perform the functions of her position with the Defendant, that of Manager, Post Office Operations 1, Level 23.

38. The Plaintiff was subjected to disparate treatment, based upon her race, in that she was subjected to a Letter of Warning ("LOW"); she was berated and disparaged based upon her race, during Agency sponsored Telecom Calls; she was denied the prior approved use of her Postal Service issued vehicle; significant job duties as a Manager were removed; her recommendations for supervisory appointments were ignored and or not considered; all of these actions undermined her status as a Manager, based upon unlawful disparate treatment.

39. These predicate acts of disparate treatment, perpetrated by Acting District Managers, substantially limited the Plaintiff's effectiveness in the workplace; and virtually prevented the Plaintiff from performing her duties as a Manager for the Agency.

40. As a direct and proximate result of the Defendant's unlawful acts, YOUNG has suffered great and irreparable economic harm and other associated losses.

41. Moreover, as a further result of the Defendant's unlawful race-based conduct, the Plaintiff has been compelled to retain undersigned counsel and she has incurred fees and costs.

**WHEREFORE**, the Plaintiff, DENISE YOUNG, respectfully requests that this Court enter judgment against the Defendant, Megan Brennan, as Postmaster General of the United States, United States Postal Service and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back-pay and front pay, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT II
## (VIOLATION OF TITLE VII, GENDER DISCRIMINATION)

42. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—34 of the Complaint, as if fully set forth herein.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, considerations or race based reasons.

44. The Plaintiff is an African American female and she possessed the requisite qualifications, education, abilities and skills to perform the functions of her position with the Defendant, that of Manager, Post Office Operations 1, Level 23.

45. The Plaintiff was subjected to disparate treatment, based upon her gender, in that she was subjected to a Letter of Warning ("LOW"); she was berated and disparaged based upon her gender, during Agency sponsored Telecom Calls; she was denied the prior approved use of her Postal Service issued vehicle; several of her significant job duties as a Manager were removed; her recommendations for supervisory appointments were ignored and or not considered; all of these actions undermined her status as a Manager, based upon unlawful disparate treatment.

46. These predicate acts of disparate treatment, perpetrated by Acting District Managers, substantially limited the Plaintiff's effectiveness in the workplace; and virtually prevented the Plaintiff from performing her duties as a Manager for the Agency.

47. As a direct and proximate result of the Defendant's unlawful acts, YOUNG has suffered great and irreparable economic harm and other associated losses.

48. Moreover, as a further result of the Defendant's unlawful race-based conduct, the Plaintiff has been compelled to retain undersigned counsel and she has incurred fees and costs.

WHEREFORE, the Plaintiff, DENISE YOUNG, respectfully requests that this Court enter judgment against the Defendant, Megan Brennan, as Postmaster General of the United States, United States Postal Service and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), and order the following additional relief:

- A) Award the Plaintiff actual damages, including appropriate amounts of back-pay and front pay, as well as compensatory damages;
- B) Award the Plaintiff her costs and a reasonable attorney's fee;
- C) Enjoin the Defendant from continuing its discriminatory practices; and
- D) Grant any and all appropriate relief, which the Court deems to be just and proper.

## COUNT III
## (VIOLATION OF TITLE VII-RETALIATION)

49. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—34 of the Complaint, as if fully set forth herein.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a) contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

51. Section 2000(e)-2(a) of Title VII of the Civil Rights Act of 1964, as amended, reads as follows:

It shall be an unlawful employment practice for an employer to discriminate against any of its employees . . . because he or she has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

52. Plaintiff was a witness to several other EEO proceedings, specifically, she provided EEO Testimony and Declarations to the Agency, on October 23, 2017 and on December 13, 2017.

53. By participating as a witness in these other EEO proceedings, YOUNG had a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, when she alleged that she had been subjected to predicate acts of retaliation, in contravention of principles of equal employment opportunity, such as, being denied the prior approved use of her Postal Service issued vehicle, leaving her stranded in Ft. Lauderdale; the removal of several of her significant job duties as a Manager, and the reassignment of these duties to other employees; the ignoring of her recommendations for supervisory appointments; and these predicate acts of retaliation undermined Plaintiff's status as a Manager for the Agency, and effectively precluded her from performing her essential job functions as a Manager for the organization.

54. By participating as a witness in the other EEO proceedings as a witness, YOUNG had a reasonable belief that the Defendant had engaged in unlawful conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, when management subsequently engaged in predicate acts of retaliation, such as, being denied the prior approved use of her Postal Service issued vehicle, leaving her stranded in Ft. Lauderdale; the removal of several of

her significant job duties as a Manager, and the reassignment of these duties to other employees; the ignoring of her recommendations for supervisory appointments; and these predicate acts of retaliation undermined Plaintiff's status as a Manager for the Agency, and effectively precluded her from performing her essential job functions as a Manager for the organization.

55. The predicate retaliatory conducting of the Acting District Managers, Stephen Hardin and Tim Costello, which was inconsistent with fundamental principles of equal employment opportunity, including, but not limited to retaliating against employees, such as the Plaintiff, who serve as testifying witnesses in the EEO administrative process.

56. As a direct and proximate result of the unlawful acts of the Defendant, in implementing predicate acts of retaliation, Plaintiff has suffered great and irreparable economic harm, compensatory damages, and other associated losses.

57. Moreover, as a further result of Defendant's unlawful retaliatory conduct, Plaintiff has been compelled to retain counsel and she has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, DENISE YOUNG, respectfully requests that this Court enter judgment against the Defendant, MEGAN BRANNAN, as Postmaster General of the United States, United States Postal Service; and find that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## Demand for Trial by Jury

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 18th day of February, 2020.